United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30231
_____

STEVE BROWN

Petitioner-Appellant,

VERSUS

BURL CAIN, WARDEN
LOUISIANA STATE PENITENTIARY

Respondent-Appellee,

_____

Appeal from the United States District Court
For the Western District of Louisiana

_____

Before DAVIS, CYNTHIA HOLCOMB HALL[*] and EMILIO M. GARZA, Circuit Judges..

W. EUGENE DAVIS, Circuit Judge:

Petitioner, Steve Brown (Brown), appeals the district court's denial of habeas corpus relief on his claim that his trial counsel was ineffective because he failed to move to quash a grand jury indictment on the ground that the process of selecting the grand jury foreperson was racially biased. We are satisfied that counsel had a strong strategic reason for his action, and we affirm the district court's judgment.

_____

[*] Circuit Judge of the United States Ninth Circuit, sitting by designation.

-1-

I.

On March 28, 1996, Brown was convicted in a state district court in Ouachita Parish, Louisiana, of murdering Betty Wallace (Wallace), the mother of his former girlfriend Shannon Smith (Smith).[1]

In 1993, Smith and her young daughter were temporarily living in Wallace's home. On November 27, 1993, after Smith refused several of Brown's phone calls, Brown forced his way into Wallace's home and shot Wallace in the back as she attempted to telephone the police for help. Brown forced Smith and her daughter to flee with him and drove them to Mississippi. Brown's car broke down in Mississippi, and the three checked into a motel. Brown raped Smith at gun point in the motel room. Thereafter, Brown left the room to speak with the tow truck driver, leaving behind his gun. Smith took the gun and her daughter to the lobby and summoned the police.

In December 1993, a grand jury in Ouachita Parish indicted Brown on a charge of first degree murder, carrying with it a maximum sentence of death.[2] However, the District Attorney later filed

---

[1] Detailed facts of Brown's conviction are set out in State v. Brown, 29,708 (La.App. 2nd Cir. 9/24/97) 702 So.2d 744.

[2] Louisiana Revised Statute 14:30 defines first degree murder as follows:

A. First degree murder is the killing of a human being:
  (1) When the offender has specific intent to kill or inflict great bodily harm and is engaged in the perpetration or attempted perpetration of aggravated kidnapping, second degree kidnapping, aggravated escape, aggravated arson, aggravated rape, forcible rape, aggravated burglary, armed robbery, drive-by shooting, first degree robbery, or simple robbery.
 . . .
C. Whoever commits the crime of first degree murder shall be punished by death or life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence in accordance with the determination of the jury.

a second superceding bill of indictment, charging Brown with the lesser offense of second degree murder which carries the maximum sentence of life imprisonment.[3] Brown's trial counsel did not move to quash the indictment or the superceding bill of indictment.

In 1996, a unanimous jury found Brown guilty, and the court imposed a life sentence. The judgment was affirmed on direct appeal, and the Louisiana Supreme Court denied writs. State v. Brown, *supra*; State v. Brown, 709 So.2d 703 (La. 1998).

Brown filed an application in state district court for post-conviction relief and asserted, *inter alia,* the following claims: blacks were systematically excluded from the position of grand jury foreperson; the Louisiana statute controlling the selection of grand jury forepersons was unconstitutional; and his trial counsel was ineffective for failing to challenge the procedure or the statute. The state district court denied the application.

The state district court concluded that Brown's discrimination and statutory claims had no merit and that the claims were untimely because Brown failed to raise the claims prior to trial. Relying on its earlier ruling that the discrimination and statutory claims lacked merit, the court rejected Brown's claim that his counsel's performance was deficient. The court also concluded that the evidence presented by the state at trial was substantial and that, if the motion to quash had been filed, the result would have been no different because Brown would have simply been reindicted. The state appellate court concurred with the trial court's findings and denied writs. The Louisiana

---

[3] Louisiana Revised Statute 14:30.1 defines second degree murder as follows:

A. Second degree murder is the killing of a human being:
 (1) When the offender has the specific intent to kill or inflict great bodily harm;
. . .
B. Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.

-3-

Supreme Court denied Brown's application for a supervisory or remedial writ.

In November 1999, Brown filed a petition for habeas relief in federal court raising the same claims he assert ed in state court. The magistrate judge held an evidentiary hearing by telephone during which counsel for the State stipulated that there had never been a black grand jury foreperson in Ouachita Parish as of the date of the phone conference. The State also stipulated that the evidence taken in State v. Drivers, 337,748 (La. App. 2nd Cir. 6/22/01), 793 So.2d 308, showing a statistical under representation of blacks, could be considered by the court in the Brown case. The magistrate judge concluded that the Louisiana statute controlling the selection of grand jury forepersons was not unconstitutional but that counsel was ineffective for failing to move to quash the indictment based on racial discrimination in the selection process. The magistrate judge recommended that a conditional writ be granted on that basis.

The district court concurred with the magistrate's finding that the Louisiana statute was not unconstitutional, but it rejected the magistrate's findings and conclusions regarding Brown's claim that trial counsel was ineffective in failing to file the pretrial motion to quash. The district court found that Brown failed to establish that counsel's representation was deficient. The district court reasoned that trial counsel made a reasoned decision to concentrate their limited time and resources on more substantive issues, knowing that if they prevailed on the motion to quash, another grand jury would simply issue another indictment. Accordingly, the district court denied Brown's application for habeas relief.

Brown filed a timely notice of appeal and a request for a certificate of appealability (COA) in the district court. The district court denied his COA because Brown failed to make a substantial showing of the denial of a constitutional right. Brown then applied to this court for a COA, and we

granted a COA on Brown's ineffective assistance of counsel claim.

## II.

Under 28 U.S.C. § 2254 (d), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

In order to establish that he received ineffective assistance of counsel, Brown must satisfy the two prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), by showing that counsel's performance was deficient and that this deficiency prejudiced his defense. In order to establish that counsel's performance was deficient, Brown must show that the representation "fell below an objective standard of reasonableness." Id. at 687-88. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689. Thus, Brown "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690.

Brown argues that his trial counsel was ineffective for failing to move to quash the indictment on the ground that the selection of the grand jury foreperson was racially biased.[4] He contends that,

_____

[4] Although Brown was convicted under a superceding bill of indictment, the validity of the bill of indictment was predicated on the initial grand jury indictment. State v. Brown, 702 So.2d 744, 761. Accordingly, the State concedes that racial discrimination in the selection of a grand jury foreperson is still a relevant issue.

if counsel had moved to quash the indictment, the Supreme Court's decision in <u>Rose v. Mitchell</u>, 443 U.S. 545, 99 S.Ct. 2993 (1979), would have required the trial court to grant the motion. Once the indictment was dismissed, Brown argues that his counsel would have enjoyed a superior negotiating position and may have been able to plea bargain for a more favorable sentence.

Assuming that a successful motion to quash the superceding indictment charging Brown with second degree murder could have been filed, counsel had a powerful strategic reason for not doing so. We agree with the district court that, if counsel had filed a motion to quash the indictment, the State would have likely presented the case to a second grand jury. Given the heinous nature of Brown's crime and the strong evidence against him, his counsel had to be convinced that a second grand jury would indict Brown for first degree murder, carrying with it a potential sentence of death.[5] By allowing Brown's trial to proceed under the superceding bill of indictment, trial counsel foreclosed the possibility that Brown would be put to death for his crime. Under these circumstances, the record strongly supports the view that counsel's actions were the result of a sound strategic decision to prevent his client from facing a death sentence.

We agree with the district court that Brown failed to establish that his counsel's service was deficient under the first prong of <u>Strickland v. Washington</u>, and therefore, his claim of ineffective assistance of counsel is without merit.

III.

For the reasons stated above, we affirm the district court's judgment denying Brown's petition for habeas relief.

---

[5] Because of this strong evidence against Brown, we also agree with the state court's determination that the State would have simply reindicted Brown if the superceding bill of indictment were quashed.

AFFIRMED.